IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Robert Padgett, )
 ) C.A. No. 8:10-1733-HMH
          Plaintiff, )
 )
    vs. ) **OPINION & ORDER**
 )
Michael J. Astrue, Commissioner of )
Social Security, )
 )
          Defendant. )

This matter is before the court on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). The Plaintiff seeks attorney's fees in the above-captioned social security action in the amount of Seventeen Thousand Five Hundred Seventy-Five Dollars and Seventy-Five Cents ($17,575.75). See 28 U.S.C. § 2412(a). The Commissioner does not object to the request for attorney's fees.

Based upon a review of the petition and the factors to be considered in awarding attorney's fees in a social security case,[1] the court finds that an award of $17,575.75 is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee] agreements as an independent check, to assure that they yield reasonable results in particular cases."). Pursuant to a contingency fee agreement, the Plaintiff agreed to pay counsel 25 percent of any past-due benefits. In compliance with 42 U.S.C.

---

[1] Courts have considered the following factors in awarding attorney's fees:
"(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained." Craig v. Sec'y, Dep't of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

1

§ 406(b)(1)(A), counsel's requested fee does not exceed 25 percent of any past-due benefits.

The requested fee amount is reasonable[2] given that Plaintiff's counsel expended over 30 hours working on this matter at the court level. Wrenn v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). In addition, the court notes that counsel's staff expended over 115 hours working on this matter. Further, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. Cf. Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003). However, Plaintiff's counsel must refund to Plaintiff the $3,900.00 awarded under the Equal Access to Justice Act ("EAJA"). "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee[,] . . . up to the point the claimant receives 100 percent of the past-due benefits." Gisbrecht, 535 U.S. at 796 (internal quotation marks and citation omitted).

---

[2] "In exercising [the court's] discretion, . . . [the court] must adhere to established principles of law, and it must clearly explain its reasons for the award [of attorney's fees]." Craig, 864 F.2d at 328.

It is therefore

**ORDERED** that Plaintiff's motion for attorney's fees, docket number 29, is granted, and Plaintiff is awarded attorney's fees in the amount of Seventeen Thousand Five Hundred Seventy-Five Dollars and Seventy-Five Cents ($17,575.75).

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
July 17, 2012